IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM R. RICCIARDO
2700 Crosley Road
Granville, Ohio 43023,

and

SUZANNE G. RICCIARDO
2700 Crosley Road
Granville, Ohio 43023,

       Plaintiffs,

v.

ZIMMER HOLDINGS, INC., ZIMMER, INC.,
ZIMMER ORTHOPAEDIC SURGICAL
PRODUCTS, INC., and ZIMMER US, INC.,
c/o David C. Dvorak,
Chief Executive Officer and President
345 East Main Street
Warsaw, Indiana 46580,

and

ZIMMER GmbH
Sulzer-Allee 8
CH-8404 Winterthur, Switzerland,

       Defendants.

Case No._____

Judge _____

**COMPLAINT**
(Jury Demand Endorsed hereon)

**JURISDICTION AND VENUE**

1. The Plaintiff William R. Ricciardo and his wife, the Plaintiff Suzanne G. Ricciardo (hereinafter referred to "Plaintiffs"), reside in the City of Granville, County of Licking, State of Ohio.

2. As manufacturers and suppliers of an ethical medical device known as the Durom© Acetabular Component, also known as the Durom Cup (hereinafter referred to as "product"), Defendants Zimmer Holdings, Inc., Zimmer, Inc., Zimmer Orthopaedic Products, Inc., and Zimmer US, Inc., all operate as Delaware corporations for profit with their principal places of business located in Warsaw, Kosckuisko County, Indiana; and Defendant Zimmer GmbH operates as a Swiss business for profit with its principal place of business located in Winterthur, Switzerland (collectively, "Defendants").

3. Because the events that give rise to the allegations of this Complaint occurred in the County of Franklin, State of Ohio, venue for this case is conferred on this Court by 28 U.S.C. §1391(a)(2), and this Court has personal jurisdiction over the Defendants.

4. Based on facts alleged in this Complaint, there is complete diversity of citizenship with regard to the adverse parties to this case, such that, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

**FIRST CAUSE OF ACTION - O.R.C. §2307.75 - Defective Design**

5. At all times pertinent to the Complaint, Defendants were engaged in design, formulation, production, construction, creation, making, assembly, testing, marketing, sale, distribution, packaging, promotion, advertising, labeling, and/or providing warnings and/or instruction for their "product."

6. At all times pertinent to this Complaint, contrary to O.R.C. §2307.75, beginning in 2006, when the "product" left the control of Defendants, the Defendants' "product" was defective in design or formulation because the foreseeable risks associated with its design or formulation exceeded the benefits of that design or formulation, and because its "product" was more dangerous than a reasonably prudent consumer would expect.

7. In January and April of 2008, at the New Albany Surgical Center in Franklin County, Ohio, on the recommendation of his treating physician, Mark Gittens, D.O., Plaintiff underwent a surgical procedure known as a "total hip replacement" of the right and left acetabular joints ("original surgery"), respectively.

8. Based on Defendants' labeling, warnings, and instructions provided with respect to their "product," Dr. Gittens and his surgical team conformed to the reasonable and generally accepted standard of care for orthopedic surgeons in the United States in the procedures he performed on the Plaintiff William Ricciardo.

9. Defendants designed their "product" with an inherent propensity for the "product" to fail to bond with growth of the securing host bone in an unreasonably high rate of patients implanted with the "product," causing the implanted "product" to loosen and move in all affected patients (hereinafter referred to "bonding failure").

10. Due to the "bonding failure," patients who had the Defendants' "product" surgically implanted were required to undergo surgical revisions of their total hip replacements.

11. In a notice to surgeons in the United States entitled "Urgent Device Correction," and in an associated press release, both dated July 22, 2008, Defendants publicly announced that they would immediately "suspend marketing and distribution of the[ir 'product'] in the U. S."

12. On January 12, 2009, Dr. Gitten sent a letter to Plaintiff William Ricciardo advising him about the "bonding failure," *i.e.*, "loosening," associated with the Defendants' "product."

13. As a direct and proximate result of Defendants' defective "product," Plaintiff William Ricciardo experienced progressive physical symptoms and limitations because the of the "bonding failure" of the Defendants' "product."

14. On June 1, 2009, at the Riverside Methodist Hospital in Franklin County, Ohio, Kurt Umverferth, M.D., removed the Defendants' "product" from Plaintiff William Ricciardo's left hip and performed a second total left hip replacement with substituted medical devices.

3

15. On October 19, 2009, at the Riverside Methodist Hospital in Franklin County, Ohio, Kurt Umverferth, M.D., removed the Defendants' "product" from Plaintiff William Ricciardo's right hip and performed a second total right hip replacement with substituted medical devices.

16. As a direct and proximate result of the conduct of the Defendants, the Plaintiff William Ricciardo suffered multiple injuries to his body, which injuries are permanent and have caused, and will cause in the future, pain, suffering, mental anguish, and permanent disability, thereby depriving him of a normal way of life.

17. As a direct and proximate result of the conduct of the Defendants, the Plaintiff William Ricciardo lost wages, and, due to the permanent nature of his injuries, expects to lose further such wages in the future, and his earning capacity has been permanently impaired.

18. As a direct and proximate result of the conduct of the Defendants, the Plaintiff William Ricciardo has incurred medical, hospital and related expenses in an exact amount unknown at this time, and, due to the permanent nature of his injuries, expects to incur such expenses in the future.

19. Plaintiff Suzanne G. Ricciardo states that she is, and at all times relevant hereto was, the wife of Plaintiff William Ricciardo, and that, as a direct and proximate result of the conduct of the Defendants, she has lost, and in the future will lose, the services, society, companionship and consortium of her husband.

**SECOND CAUSE OF ACTION O.R.C. §2307.76 - DEFECTIVE FAILURE TO WARN**

20. Plaintiffs incorporate by reference and makes part hereof paragraphs one (1) through nineteen (19) of this Complaint as if completely rewritten.

21. At all times pertinent to this Complaint, contrary to O.R.C. §2307.76, Defendants placed its "product" in the stream of American commerce in a defective condition due to inadequate warning and/or instruction to surgeons and/or patients at the time of its marketing and when it left the

control of Defendants because (a) Defendants failed to exercise reasonable care because Defendants should have known about the risk of the bonding failure of its "product", and (b) thereupon, Defendants failed to provide warning and/or instruction to surgeons and/or patients that, in the exercise of reasonable care, Defendants should have provided concerning that risk, in light of the likelihood that the "product" would cause harm such as the Plaintiffs have alleged in this Complaint and in light of the likely seriousness of that harm.

22. As a direct and proximate result of the conduct of the Defendants, the Plaintiff William Ricciardo and the Plaintiff Suzanne G. Ricciardo sustained the injuries, losses, and damages, alleged above.

**THIRD CAUSE OF ACTION - O.R.C. §2307.78 - SUPPLIER LIABILITY**

23. Plaintiff incorporates by reference and makes part hereof paragraphs one (1) through twenty-two (22) of this Complaint as if completely rewritten.

24. Defendants qualify as suppliers, as defined by O.R.C. 2307.71, of the "product" because Defendants sold, distributed, packaged, and/or labeled the "product" and/or otherwise participated in the placing of the "product" in the stream of American commerce.

25. The Defendants were negligent and made representations regarding its "product" that its "product" did not conform to, such that they are liable to the Plaintiffs pursuant to R.C. 2307.78, and are also liable as a "manufacturer" pursuant to R.C. 2307.78.

26. As a direct and proximate result of the conduct of the Defendants, the Plaintiff William Ricciardo and the Plaintiff Suzanne G. Ricciardo sustained the injuries, losses, and damages, alleged above.

**WHEREFORE,** Plaintiff William Ricciardo demands judgment for compensatory damages against Defendants, jointly and severally, in an amount that exceeds seventy-five thousand dollars ($75,000), together with interest and costs of this action.

**WHEREFORE,** Plaintiff Suzanne G. Ricciardo demands judgment for compensatory damages against Defendants, jointly and severally, in an amount that exceeds seventy-five thousand dollars ($75,000), together with interest and costs of this action.

                                              VOLKEMA THOMAS MILLER & SCOTT
A LEGAL PROFESSIONAL ASSOCIATION


By:    /s/ Daniel R. Volkema
Daniel R. Volkema    (0012250)
Trial Attorney
140 E. Town Street, Suite 1100
Columbus, Ohio 43215
Tele: (614) 221-4400
Fax: (614) 221-6010
E-Mail: dvolkema@vt-law.com
*Attorney for Plaintiffs*


## JURY DEMAND

Plaintiffs respectfully demand a trial by a jury of eight (8) persons as to all issues contained herein.

                                              /s/ Daniel R. Volkema
Daniel R. Volkema    (0012250)